IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **JERRY ERNEST LOPEZ,** | REPORT AND RECOMMENDATION |
| Plaintiff, | |
| v. | Case No. 1:22-cv-00015-JNP-JCB |
| **OGDEN CITY,** | **District Judge Jill N. Parrish** |
| Defendant. | **Magistrate Judge Jared C. Bennett** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Pro se Plaintiff Jerry Ernest Lopez ("Mr. Lopez") has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP Statute").[2] As explained below, the court recommends dismissal of this action based upon Mr. Lopez's failure to comply with a court order.

At the outset, the court explains the applicable standards for reviewing a complaint under the IFP Statute. Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[3] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the

---

[1] ECF No. 11.

[2] ECF No. 4.

[3] 28 U.S.C. § 1915(e)(2)(B)(ii).

same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[4] Under that standard, the court "look[s] for plausibility in th[e] complaint."[5] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[6]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[7] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[9] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[10] The twin purposes of a complaint are to give the

---

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[5] *Id*. at 1218 (quotations and citations omitted) (second alteration in original).

[6] *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

[7] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original) (citations omitted).

[9] *Id*.

[10] *Twombly*, 550 U.S. at 555.

2

opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[11]

In analyzing Mr. Lopez's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[12] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[13] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[14] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[15]

---

[11] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[13] *Bellmon*, 935 F.2d at 1110.

[14] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[15] *Bellmon*, 935 F.2d at 1110 (citations omitted).

Although the court may not act as a pro se litigant's advocate, the Tenth Circuit has encouraged courts to "helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated."[16]

Employing the foregoing standards, the court issued a Memorandum Decision and Order addressing the sufficiency of Mr. Lopez's complaint under the authority of the IFP Statute on March 24, 2022.[17] The court concluded that, even under a liberal reading of Mr. Lopez's complaint, he failed to satisfy the minimum pleading requirements of Rule 8(a)(2) and failed to state a claim under Rule 12(b)(6). Although Mr. Lopez asserts that his claim is brought under 42 U.S.C. § 1983, the court explained that section 1983 does not create specific rights; rather it "provides a mechanism for enforcing individual rights secured elsewhere, i.e., rights independently secured by the Constitution and laws of the United States."[18] And, therefore, to state a claim under section 1983, a complaint must set forth (1) "the existence of a federally-protected right" and (2) "the deprivation of that right by a person acting under color of state law."[19] The court noted that Mr. Lopez's civil rights claim is based on an allegation that Ogden City failed to properly investigate an accident in which Mr. Lopez was hit by a car. The court

---

[16] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[17] ECF No. 13.

[18] *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

[19] *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013).

4

explained, however, that there is not a federally protected right to a proper investigation.[20] And, therefore, Mr. Lopez's claim – based solely on Ogden City's alleged failure to investigate – fails as a matter of law. Finally, the court explained that allegations of inadequate investigation fail to state a claim under section 1983 unless another recognized constitutional right is implicated.[21] And in this case, because Mr. Lopez's complaint lacked allegations suggesting that Ogden City's incomplete or improper investigation implicated any other constitutional right, Mr. Lopez failed to state a plausible claim for relief.

For those reasons, and under the standards for dismissal under Rule 12(b)(6), the court concluded that Mr. Lopez's complaint failed to state a claim upon which relief can be granted. At the same time, however, the court recognized that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has

---

[20] *Morrow v. City of Oakland*, 11-02351, 2012 WL 368682, at *14 (N.D. Cal. Feb. 3, 2012) (stating that plaintiff's alleged liberty interest in receiving a "policy-compliant investigation" did not exist under the Fourteenth Amendment); *see also Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (providing there is "no constitutional right to an investigation by government officials" and therefore "no constitutional violation where the government refuses to investigate a crime, allegations of patent fraud, or an attorney ethics grievance"); *see also, e.g., Lipsey v. Reddy*, 1:17-cv-569, 2017 WL 4811723, at *3 (E.D. Cal. Oct. 24, 2017) ("There is no constitutional right to a thorough investigation of an incident, and thus these allegations cannot form the basis of a civil rights claim.").

[21] *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (concluding that police department's allegedly inadequate investigation of juvenile's death as the result of an apparent accident while trespassing was not sufficient to state a claim under § 1983 unless another recognized constitutional right was involved); *see also Sexual Sin De Un Abdul Blue v. City of L.A.*, CV-09-7573, 2010 WL 890172, at *6 (C.D. Cal. March 8, 2010) (dismissing due process claim alleging inadequate police investigation because "inadequate investigation by police officers is not sufficient to state a § 1983 claim unless another recognized constitutional right is involved").

alleged and it would be futile to give him an opportunity to amend."[22] Accordingly, the court provided Mr. Lopez with an opportunity to amend his complaint. Mr. Lopez was ordered to file an amended complaint, in compliance with the requirements set forth in the above-referenced authorities, on or before April 24, 2022. Mr. Lopez was warned that his failure to do so would result in the court recommending the dismissal of this action.

Mr. Lopez failed to file an amended complaint by the by the court-ordered deadline of April 24, 2022. Based upon Mr. Lopez's failure to comply with the court's order, the court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE.[23]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[24] The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it.[25] Failure to object may constitute waiver of objections upon subsequent review.

DATED April 26, 2022.

JARED C. BENNETT
United States Magistrate Judge

---

[22] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[23] Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by [Fed. R. Civ. P.] 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(v) (providing that the court "may issue further just orders," including "dismissing the action or proceeding in whole or in part").

[24] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[25] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).