IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br><br>        Plaintiff,<br><br>v.<br><br>OGDEN CITY,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION<br><br>Case No. 1:22-cv-00015-JNP-JCB<br><br>District Judge Jill N. Parrish |

Magistrate Judge Jared C. Bennett issued a Report and Recommendation that the court dismiss Mr. Lopez's complaint for failure to comply with a court order. ECF No. 15. Mr. Lopez's complaint is brought pursuant to 42 U.S.C. § 1983 and is based on a claim that Ogden City failed to properly investigate an accident in which Mr. Lopez was involved. ECF No. 2. On March 24, 2022, the court ordered Mr. Lopez to file an amended complaint because Mr. Lopez's complaint failed to satisfy the minimum pleading requirements under FED. R. CIV. P. 8(a)(2). ECF No. 13. Specifically, "[a] § 1983 claim requires a plaintiff to show both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law." *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013). The order informed Mr. Lopez that because there is no federally protected right to a proper investigation and Mr. Lopez had not alleged the implication of another federal right, the allegations failed to state a claim under section 1983. ECF No. 13. The court provided Mr. Lopez with the opportunity to amend his complaint by April 24, 2022. *Id.* No amended complaint was filed, and on April 26, 2022, Judge Bennett recommended dismissal without prejudice.

Mr. Lopez filed an objection to Judge Bennett's Report and Recommendation. Mr. Lopez's objection states "that [sic] 14th amendment I am protected by all laws of the 14th amendment that also protect me from a [sic] improper investigation or lack of investigation[.] I am Righted [sic] to a [sic] investigation conducted by department protocol." ECF No. 19.

The court reviews de novo the portions of the Report and Recommendation to which Mr. Lopez has objected. FED. R. CIV. P. 72(b)(3).

The court overrules Mr. Lopez's objection as it simply recites his initial claim. The Fourteenth Amendment does not create a federally protected right to a proper investigation. *Morrow v. City of Oakland*, 11-02351, 2012 WL 368682, at *14 (N.D. Cal. Feb. 3, 2012) (stating that plaintiff's alleged liberty interest in receiving a "policy-compliant investigation" did not exist under the Fourteenth Amendment); *see also Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (providing there is "no constitutional right to an investigation by government officials" and therefore "no constitutional violation where the government refuses to investigate a crime, allegations of patent fraud, or an attorney ethics grievance"); *see also, e.g., Lipsey v. Reddy*, 1:17-cv-569, 2017 WL 4811723, at *3 (E.D. Cal. Oct. 24, 2017) ("There is no constitutional right to a thorough investigation of an incident, and thus these allegations cannot form the basis of a civil rights claim."). Because Mr. Lopez has not alleged that another federal right has been implicated, he has still failed to state a claim under section 1983.

## CONCLUSION & ORDER

Accordingly, the court ORDERS as follows:

1. The Report and Recommendation, ECF No. 15, is ADOPTED IN FULL.
2. The court DISMISSES this action without prejudice.

DATED October 21, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge